

---

## UNITED STATES DISTRICT COURT

### for the

## EASTERN DISTRICT OF NEW YORK

---

### Case No. 1:19-cv-06297-WFK

---

## RODNEY RANDOLPH WASHINGTON
### APPELLANT

-V-

## WELLS FARGO BANK N.A./
## HSBC BANK USA
### APPELLEE

---

Appeal from an order of the

United States Bankruptcy Court

For the Eastern District of New York

Bankruptcy Court Case No. 1-19-44827

---

### APPELLANT'S BRIEF

---



Rodney Randolph Washington, ProSe
17 Virginia Pl
Brooklyn, NY 11213
917-868-5394

# TABLE OF CONTENTS

Page

Table of Authorities ................................................................ ii

Jurisdictional Statement .......................................................... 1

Statement of Issues................................................................ 1

Scope of Review .................................................................. 1

Statement of the Case............................................................ 2

Statement of Facts ................................................................ 3

    Relevant Non-Bankruptcy Background ................................. 3

    Bankruptcy History ........................................................ 7

Summary of Argument............................................................ 9

Argument

    A. The Bankruptcy Court's Decision is Insufficient for Meaningful Appellate Review................................................................ 10

    B. The Bankruptcy Court Abused its Discretion by Granting Relief from the Automatic Stay without Cause Shown............................. 11

    C. Appellant's Equity in Property Defeats 11 U.S.C. 362(d)(2) Relief................................................................................ 14

    D. On This Record Bankruptcy Court Erred in Granting In Rem Relief................................................................................ 16

    E. The Bankruptcy Court Abused its Discretion by Granting Relief from Stay to a Non-Party in Interest........................................ 24

Conclusion ............................................................................ 27

# TABLE OF AUTHORITIES

I. Cases                                                            Page

*Bank of N.Y. v. Silverberg*, 926 N.Y.S. 2d 532 (2nd Dept. 2011)..    27

*Barnett v. Stern*, 93 B.R., 962 (N.D. Ill. 1988) .............................. 13

*Batner v. United States*, 440 U.S. 48 (1979)................................. 25

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).............. 2

*Grossman v. Berman*, 241 F. 3d 65 (1st Cir. 2001)....................... 10

*In re Idicula*, 484 B.R. 284 (Bankr. S.D.N.Y. 2013)..................... 27

*In re Kronemyer*, 405 B.R. 915 (9th Cir. B.A.P. 2009) ................. 1

*In re Lane*, 108 B.R. 6 (Bankr. D. Mass. 1989)............................. 13

*Mendoza v. Temple-Inland Mortgage Corp.* (*In re Mendoza*)
111. F. 3d 1264 (5th Cir. 1997)......................................... 15

*In re Mims*, 438 B.R. 52 (Bankr. S.D.N.Y. 2010) ........................ 26

*In re Montalvo*, 416 B.R. 381 (Bankr. E.D.N.Y. 2009)................ 18

*In re Muhaimin*, 343 B.R. 159 (Bankr. D. Md 2006) ................... 12, 22

*In re Nichols*, 440 F. 3d 850 (6th Cir. 2006)................................. 13

*Planned Sys., Inc.*, 78 B.R. 852 (Bankr. S.D. Ohio 1987)............ 13

*Riverside Capital Advisors, Ind. v. First Secured Capital Corp.*,
28 AD. 3d 457, (2d Dept. 2006) ........................................ 25

*Roque-Rodriguez v. Lema Moya*, 926 F. 2d 103 (1st Cir. 1991) ... 11

*Tarantola v. Deutsche Bank Nat'l Tr. Co.* (*In re Tarantola*),
491 B.R. 111 (Bankr. D. Ariz. 2013)................................. 25

*United States v. Hinkson*, 585 F. 3d 1247, 1261-63
(9th Cir. 2009)............................................................... 2

*Veal v. American Home Mortgage Servicing, Inc.*,
450 B.R. 897, 920 (B.A.P. 9th Cir. 2011)......................... 27

*Warth v. Seldin* 422 U.S. 490, 498 (1975) ................................... 26

II. Statutes                                                     Page

11 U.S.C. 362(a) ................................................ Throughout

11 U.S.C. 362(c) ................................................ 12, 19

11 U.S.C. 362(d)(1) ............................................. Throughout

11 U.S.C. 362(d)(2) ............................................. Throughout

11 U.S.C. 362(d)(4) ............................................. Throughout

11 U.S.C. 362(g)(1) ............................................. 15

11 U.S.C. 502(a) ................................................ 24

11 U.S.C. 502(b)(1) ............................................. 8, 25, 26

11 U.S.C. 522 ................................................... 1, 14

NYCPLR 1001 .................................................... 4, 6, 23

NYCPLR 1012 .................................................... 4

NYCPLR 2221 .................................................... 5, 23

NYCPLR 3211 .................................................... 6, 24

NYCPLR 3215(c) ................................................. 6, 24

NYCPLR 5015 .................................................... 5, 23

NYRPAPL 1311(1) ................................................ 4, 6, 23

## JURISDICTIONAL STATEMENT

This is an appeal from an order of the Bankruptcy Court terminating the stay imposed by 11 U.S.C. 362(a), pursuant to 11 U.S.C. 362(d)(1) and 11 U.S.C. 362(d)(2) and granting in rem relief pursuant to 11 U.S.C. 362(d)(4).

This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

## STATEMENT OF ISSUES

1. Whether the Bankruptcy Court's order to terminate the stay imposed by 11 U.S.C. 362(a), pursuant to 11 U.S.C. 362(d)(1) and 11 U.S.C. 362(d)(2) was an abuse of the Court's discretion.

2. Whether the Bankruptcy Court's order granting in rem relief under 11 U.S.C. 362(d)(4) was supported by the facts and the law.

3. Whether appellee had standing to seek relief from the stay.

4. Whether the Bankruptcy Court order violated appellant's right under 11 U.S.C. 522.

## SCOPE OF REVIEW

Bankruptcy Court decisions regarding stay relief are reviewed for an abuse of discretion. *In re Kronemyer*, 405 B.R. 915, 919 (9th Cir. B.A.P. 2009).

The abuse of discretion test involves <u>two distinct determinations:</u> first, whether the court applied the correct legal standard; and second, whether the factual findings supporting the legal analysis were clearly erroneous. *United States v. Hinkson*, 585 F. 3d 1247, 1261-63 (9th Cir. 2009).

If the court failed to apply the <u>correct legal standard</u> then it has "necessarily abuse(d) its discretion" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

Factual findings are <u>clearly erroneous</u> if they are "illogical, implausible, or without support in inferences that may be drawn from the record" *Hinkson, Supra,* at 1263.

The Bankruptcy Court clearly erred in its factual findings and inferences and in the application of applicable law.

## STATEMENT OF THE CASE

This is an appeal of the Bankruptcy Court order terminating the stay imposed by 11 U.S.C. 362(a), pursuant to 11 U.S.C. 362(d)(1) and 11 U.S.C. 362(d)(2); and granting in rem relief under 11 U.S.C. 362(d)(4).

Appellant appeals on the basis that none – not one – of the requirements of 11 U.S.C. 362(d)(1), 11 U.S.C. 362(d)(2) or 11 U.S.C. 362(d)(4) was shown to exist in the case before the Bankruptcy Court.

## STATEMENT OF FACTS

Appellant filed a Chapter 13 Bankruptcy Petition on August 08, 2019, to protect and preserve an asset of appellant's bankruptcy estate – appellant's principal residence – pending judicial review.

### RELEVANT NON-BANKRUPTCY BACKGROUND

Some relevant non-bankruptcy history is relevant in order to understand the true context of appellant's case.

Appellant's principal residence was the subject property of a foreclosure action commenced by appellee on May 3, 2010, by filing of a Summons and Complaint in the Supreme Court of the State of New York, County of Kings. Appellant, who was the owner of record, was not a named defendant in appellee's foreclosure action.

On January 21, 2014, the Supreme Court issued a conditional order of dismissal for appellee's failure to prosecute its action. On April 14, 2014, appellee filed a Motion for Summary Judgment. After several hearings over the course of more than a year the State Supreme Court (Hon. Wayne Saitta, J.S.C.) denied appellee's motion for summary motion on the ground that there existed an issue of fact whether the subject mortgage had been in default at the commencement of appellee's foreclosure action.

On February 14, 2017 the Supreme Court issued a second conditional Order of Dismissal for appellee's failure to prosecute its case.

On or about April 21, 2017, the attorney for appellee had discussions with defendant mortgagor Willa Grant (Grant), without the knowledge and consent of Grant's attorney. Immediately subsequent to said meeting Grant terminated the services of her attorney and took no further part in the proceedings.

On July 1, 2017 appellee filed a "Renewed Motion for Summary Judgment." Appellant filed a cross motion to intervene as the owner of record and as a necessary party, pursuant to RPAPL 1311(1) and CPLR 1001 and CPLR 1012.

Appellee argued that appellant should not be allowed to intervene because appellant was being sued as "John Doe" since appellee did not know appellant's identity and failure to name appellant as the owner of record was an act of "inadvertence." In addition to constructive notice of appellant's identity as owner of record, from the public record, appellee had actual notice of appellant's identity as owner of record from an order of the United States Bankruptcy Court for the Eastern District of North Carolina dated September 24, 2009, some nine months prior to the commencement of appellee's foreclosure action in state Supreme Court.

The Supreme Court (Hon. Noach Dear, J.S.C.) accepted this misrepresentation of facts from appellee and decided that appellant, the owner of

record, was properly – though not ideally – served as "John Doe" and since "John Doe" had defaulted in answering, appellant also, therefore, had defaulted in answering, and the Court granted appellee's motion for Summary Judgment on default and ordered that the name "Rodney Washington" be substituted for "John Doe."

On May 08, 2018, Justice Dear issued an "Order Granting Default Judgment, Summary Judgment, and appointing Referee to Compute." On May 22, 2019, Justice Dear issued an "Order Confirming Referee Report and Judgment of Foreclosure and Sale."

On June 21, 2019, appellant filed a motion before the Supreme Court to vacate the Default Judgment of Foreclosure and Sale and for dismissal of the action on the following grounds.

1. Vacatur for lack of jurisdiction over a nonparty pursuant to New York Civil Practice Law and Rules (NYCPLR) 5015(a)(4).

2. Vacatur for violation of NYCPLR 2221, which precluded appellee's "Renewed Motion for Summary Judgment," since appellee's original motion for Summary Judgment had already been denied by the Court and appellee's "Renewed Motion" presented no new facts as required by the statute.

3. Dismissal for failure to name a necessary party pursuant to NYCPLR 1001 and NYCPLR 3211(a)(10).

4. Dismissal, pursuant to NYCPLR 3211(a)(2) for lack of subject matter jurisdiction.

5. Dismissal, pursuant to NYCPLR 3211(a)(8) for lack of personal jurisdiction over appellee.

6. Dismissal for violation of NYCPLR 3215(c) by entering a default judgment on May 8, 2018, more than one (1) year after the claimed default which occurred on or about April 03, 2010.

7. Dismissal for failure to join as a named defendant an indispensable party, appellant, the owner of record, as mandated by New York Real Property Action and Proceedings Law (NYRPAPL) 1311(1).

8. Dismissal for violation of the Due Process Clause of the United States Constitution by commencing an action to foreclosure and sell appellant's property without naming appellant as a defendant in the action.

Appellee's immediate response to appellant's motion was the service of a Notice of Sale for a sale date on August 08, 2019.

Appellant's response to appellee's Notice of Sale was to seek an injunction in order to give the Supreme Court opportunity to hear and determine appellant's motion to vacate and dismiss the Default Judgment of Foreclosure and Sale.

## BANKRUPTCY HISTORY

The attempt at an injunction failed and appellant filed a Chapter 13 petition in order to protect and preserve the estate pending judicial review of the validity and enforceability of the Default Judgment of Foreclosure and Sale.

Appellant has fully prosecuted his Chapter 13 case. Appellant has filed all required schedules and statements, has filed a plan and has attended all required meetings and made all plan payments, timely and regularly.

Appellant's Chapter 13 Plan filed on September 09, 2019 provides for 100% repayment of all allowed claims. Appellant's Chapter 13 Plan, in addition, contains a "Nonstandard Plan Provision" which reads:

> "Debtor has a pending motion before the Supreme Court,
> Kings County, to dismiss a judgment of foreclosure and sale
> affecting debtor's property, in an action in which debtor, the
> owner of record, was not named, in violation of federal Due
> Process and state jurisdictional mandates. Debtor seeks to
> modify the Automatic Stay provision, to the extent required, to
> allow for the hearing and determination of said motion."

Appellee filed a proof of claim dated 09/24/2019 for a secured claim in the amount of $869,708.98 secured by a lien on appellant's principal residence. Appellant filed an objection to appellee's claim on the ground that appellee's claim

- 7 -

was invalid under state law and, therefore, unenforceable under federal bankruptcy law. Appellee filed a Response to Objection to Claim filed by appellant, dated November 07, 2019.

The Bankruptcy Court never determined appellant's objection to appellee's claim; whether appellee's claim was invalid under state law and, therefore, unenforceable under federal bankruptcy law as required by 11 U.S.C. 502(b)(1).

By Notice of Motion dated October 03, 2019 appellee moved for relief from stay pursuant to 11 U.S.C. 362(d)(1) and 11 U.S.C. 362(d)(2) and for in rem relief pursuant to 11 U.S.C. 362(d)(4).

Appellant opposed appellee's motion on the ground that appellee's claim was invalid under state law and not determined to be enforceable and appellee had failed to satisfy the statutory requirements for the requested relief.

By Notice of Motion dated October 11, 2019 appellant brought his own motion to modify the automatic stay so as to allow the New York Supreme Court to hear and determine the motion pending before it to determine the validity of appellee's judgment lien.

The Bankruptcy Court (Carla E. Craig, Chief Bankruptcy Judge) terminated the stay pursuant to 11 U.S.C. 362(d)(1) and 11 U.S.C. 362(d)(2).

11 U.S.C. 362(d)(1) and 11 U.S.C. 362(d)(2) provide that on request of a party in interest and after notice and a hearing, the court shall grant relief from the

stay provided under 11 U.S.C. 362(a), such as terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest; with respect to a stay of an act against property under 11 U.S.C. 362(a) if the debtor does not have an equity in such property, 11 U.S.C. 362(d)(2)(A), and such property is not necessary to an effective reorganization, 11 U.S.C. 362(d)(2)(B).

In addition, the Bankruptcy Court granted in rem relief under 11 U.S.C. 362(d)(4).

Because none of the elements mandated by 11 U.S.C. 362(d) existed, this appeal followed.

## SUMMARY OF ARGUMENT

11 U.S.C. 362(d) provides relief from stay and can only be granted under specified requirements. It can only be requested by a party in interest. The party in interest must show cause, including the lack of adequate protection of an interest in property of such party in interest 11 U.S.C. 362(d)(1). With respect to a stay against property, relief from stay can only be granted if the debtor does not have an equity in such property 11 U.S.C. 362(d)(2)(A) and such property is not necessary to an effective organization 11 U.S.C. 362(d)(2)(B). The court can grant in rem relief from a stay to a secured creditor if the court finds that filing of the petition was part of a scheme to delay, hinder or defraud creditors that involved transfer of

all or part ownership of, or interest in, the property in which the creditor has a secured interest, without the consent of the secured creditor or court approval 11 U.S.C. 362(d)(4)(A) or multiple bankruptcy filings affecting such real property 11 U.S.C. 362(d)(4)(B).

Because none of the requirements of 11 U.S.C. 362(d) were met, the Bankruptcy Court abused its discretion in granting appellee relief from stay.

## ARGUMENT

### A. THE BANKRUPTCY COURT'S DECISION IS INSUFFICIENT FOR MEANINGFUL APPELLATE REVIEW

Courts have clearly emphasized the importance of trial court decisions that set forth sufficient detail in order to permit meaningful appellate review:

> [I]f our multi-tiered adjudicative system is to function smoothly, a trial court must provide an adequate record for appellate review. For that reason, *we repeatedly have emphasized the value of statements explaining the legal basis for a nisi prius court's decision, whether or not required by some rule.* Although busy trial judges need not write lengthy opinions in every case – a lucid explanation from the bench or a brief memorandum of decision almost always will do – *they should take reasonable steps to ensure that the parties and the appellate courts will be able to glimpse the foundation on which their rulings rest. Grossman v. Berman,* 241 F.3d 65, 68

(1ˢᵗ Cir. 2001) (emphasis added) (*citing Roque-Rodriguez v.*
*Lema Moya,* 926 F. 2d 103, 105 (1ˢᵗ Cir. 1991).

The Bankruptcy Court does not provide any analytical support or bases for
its decision. The Bankruptcy Court order fails to address, in any detail, the
essential requirements of 11 U.S.C. 362(d)(4) relief:

1. Party in interest.

2. Cause, including lack of adequate protection of creditor's interest.

3. Lack of debtor's equity in the property.

4. Whether the property is necessary for an effective organization.

5. Scheme.

6. Scheme to delay, hinder and defraud.

7. Fraud.

8. Unauthorized transfer of ownership or interest.

9. Multiple bankruptcy filings.

10. Absence of good faith.

## B. THE BANKRUPTCY COURT ABUSED ITS DISCRETION BY GRANTING RELIEF FROM THE AUTOMATIC STAY WITHOUT CAUSE SHOWN

A Chapter 13 petition operates as a stay, applicable to all entities, of the
enforcement, against the debtor or against property of the estate, of a judgment
obtained before the commencement of the case under this title, 11 U.S.C. 362(a)(2)

- 11 -

Except as provided in subsections (d)(e)(f) and (h) of this section – the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate, 11 U.S.C. 362(c)(1). Relief from the automatic stay can only be granted for cause, such as lack of adequate protection. 11 U.S.C. 362(d)(4)(1)

Appellee has not met its burden of establishing cause and the Bankruptcy Court abused its discretion in terminating the stay. 11 U.S.C. 362(d)(4)(1) requires the showing of cause before appellee can avail itself of any relief from the stay imposed by 11 U.S.C. 362(a) Appellee had the initial burden of establishing a prima facie case for relief under 362(d) *In re Abdul Muhaimin*, 343 B.R. 159 (Bankr. D. Md 2006).

Under 11 U.S.C. 101(5)(A), appellee is a secured creditor by virtue of a disputed claim against the estate in the form of a judgment lien. If said lien proves to be invalid and unenforceable appellee is entitled to nothing – no payment. If appellee's lien is valid, appellee is adequately protected, and appellee's lien will be fully satisfied from the available equity in the secured property.

Nor does appellee or the court order identify any cause, including the lack of adequate protection of appellee's interest in appellant's property as required by 11 U.S.C. 362(d)(1). The cause contemplated by the statute is damage to appellee's interest resulting from the imposition of the stay.

Appellee's motion contended that appellee was entitled to relief from the automatic stay due to the failure of appellant to make pre- and post-petition payments and/or provide appellee with adequate protection for its security interest in appellant's property. Nowhere does appellee show that appellant has any obligation to make payments to appellee. Appellee failed to show any pre-petition or post-petition obligation between appellee and appellant that would require that appellant make pre- and/or post-petition payments to appellee.

Appellee has neither alleged nor proved that the value of the asset declined. Appellee has no claim that it has irrevocably lost its right to satisfy its judgment. On the contrary, the subject property is now located in the bankruptcy court and the appellee will be able to fully satisfy its judgment in that forum. Appellee has no sustained injury to its business or property. See *Barnett v. Stern* 93 B.R. 962 (N.D. Ill. 1988).

At a minimum, lack of adequate protection requires both the lack of an adequate equity cushion as well as the depreciation of the collateral. *In re Lane* 108 B.R. 6, 8-9 (Bankr. D. Mass 1989) *In re Nichols* 440 F. 3d 850, 856 (6th Cir. 2006) The existence of an equity cushion is generally considered prima facie evidence of adequate protection. *Planned Sys., Inc.*, 78 B.R. 852, at 862 (Bankr S.D. Ohio 1987).

Appellee, therefore, has failed to show lack of adequate protection. Here, the real property was appraised at $1,150,000.00 and appellee's secured interest is $869,708.98, with no evidence of the depreciation of the collateral.

Moreover, if there is equity in the property, the property has worth to the unsecured creditors were it to be liquidated and the lien holder is paid in full together with any exemptions appellant is entitled to with respect to the property. By terminating the stay, the Court impermissibly, and unnecessarily, gave appellee an advantage over other creditors and appellant, to which appellee was not entitled, by law.

By enacting 11 U.S.C. 522(f), Congress intended to give debtors a fresh start by ensuring that bankruptcy does not leave them destitute, by allowing exemptions to allow for a fresh start. By surrendering the entire estate to appellee, including appellant's exemption under 11 U.S.C. 522(f), the Court has repealed the congressional purpose by the taking of appellant's principal residence and, thereby, frustrating any effective reorganization.

## C. APPELLANT'S EQUITY IN PROPERTY DEFEATS 11 U.S.C. 362(d)(2) RELIEF

By the clear statutory language, relief from the stay can only be granted if the debtor does not have an equity in the property, 11 U.S.C. 362(d)(2)(A) and

such property is not necessary to an effective reorganization. 11 U.S.C. 362(d)(2)(B)

The burden of proof on the issue of appellant's equity in property is on appellee, the party requesting the relief from stay, 11 U.S.C. 362(g)(1).

A debtor lacks equity when the balance of all debts secured by liens on the property exceeds the fair market value of the property. *Mendoza v. Temple-Inland Mortgage Corp. (In re Mendoza)*, 111 F. 3d 1264, 1272 (5th Cir. 1997).

Appellee has made no showing, produced no evidence, that appellant does not have an equity in his property. Appellee's failure to carry its burden of proof on the issue of debtor's equity in property is fatal to appellee's application for relief under 11 U.S.C.(d)(2) and the Bankruptcy Court committed clear error in granting appellee's motion that failed to satisfy the clear mandate of 11 U.S.C. 362(g)(1) and 11 U.S.C. 362(d)(2).

Nor could appellee prevail on the issue of appellant's equity in property when appellant, in opposition to appellee's motion, submitted an appraisal report from a licensed New York appraiser proving that appellant had, at minimum, $280,000 equity in property, and appellee's application for relief from stay was prohibited by the express provisions of 11 U.S.C. 362(d)(2)(A) and 11 U.S.C. 362(g)(1).

## D. ON THIS RECORD BANKRUPTCY COURT ERRED
## IN GRANTING IN REM RELIEF

11 U.S.C. 362(d)(4) allows the court to terminate the stay of an act against real property on request of a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either transfer of all or part ownership of or other interest in, such real property without the consent of the secured creditor or court approval 11 U.S.C. 362(d)(4)(A) or multiple bankruptcy filings affecting such real property. 11 U.S.C. 362(d)(4)(B).

11 U.S.C. 362(d)(4) is specific. In order to invoke 11 U.S.C.362(d)(4) there has to be a scheme. More specifically under 11 U.S.C. 362(d)(4) there must be a scheme to delay, hinder and defraud creditors.

Under 11 U.S.C. 362 (d)(4) the scheme to delay, hinder and defraud creditors must manifest in one of only two ways:

1. The transfer of all or part ownership of, or other interest in real property without the consent of the secured creditor or court approval, 11 U.S.C. 362 (d)(4)(A).

2. Multiple bankruptcy filings affecting real property.

The Court's finding that appellant's bankruptcy petition was part of a scheme to delay, hinder and defraud creditors was not supported by the facts and the law.

- 16 -

Appellee concedes that there is no issue of appellant's transfer of all or part ownership of, or other interest in, the subject property.

Appellant has filed a single bankruptcy petition on August 08, 2019. Appellee argued that this resulted in multiple bankruptcy filings affecting the subject property.

The Bankruptcy Code, nowhere, defines nor describes the term "multiple filings." Under the Bankruptcy Code the filing of a petition within 1-year period of the dismissal of an earlier petition gives rise to a rebuttable presumption that the latter petition is filed not in good faith, 11 U.S.C. 362 (c)(3)(C). The Bankruptcy Code is silent as to any categorization of a bankruptcy filing more than 1 year after the dismissal of an earlier case.

In this case, appellee reaches back almost 2 years, August 2019 to December 2017, to attempt to append appellant's case to a previous case filed by the prior owner of the subject property which had been dismissed twenty months prior to appellant's filing of the instant case.

There is no basis and no authority to support the Court's decision that appellant's case filed twenty months after the dismissal of an earlier case, filed by a different debtor, satisfies the Code's requirement of multiple filings. Appellee contends that the prior owner filed four Chapter 13 petitions from May 15, 2009 to March 13, 2016. Appellee misses the point. No court has held that the filing of four

petitions in a seven-year period is multiple filings under the Bankruptcy Code. Appellee's own cited authorities do not support this position.

Appellee misses a second and even greater point. The filing of multiple petitions has to be a scheme to delay, hinder and defraud creditors. 11 U.S.C. 362(d) The petitions had to have been filed in bad faith. *See In re Montalvo,* 416 B.R. 381 (Bankr. E.D.N.Y. 2009) (Debtors filed six barebone petitions in three years. Debtors made no effort to prosecute their case by filing required schedules, attending required meetings or filing a plan.)

Willa Grant (Grant), the prior owner, filed four petitions ostensibly to protect two real properties she owned in the state of North Carolina, where she lived. At the time of these filings Grant had no interest in the subject property, appellant's principal residence, did not initially schedule the subject property or seek stay protection on it. As will become evidence, here, Grant's four filings and her treatment of appellant's principal residence was, at all times, inimical and hostile to appellant and appellant's estate, and it was clear error to connect Grant and appellant in a scheme.

At no point in any of the filings did Grant attempt a scheme to delay, hinder or defraud creditors. The first petition filed by Grant on May 15, 2009, did not even list the subject property on her Schedule of Real Property owned or in which she had an interest. Grant did not seek to invoke or continue the automatic stay

protection with respect to the subject property. In fact, by stipulation Grant agreed to lift the automatic stay and consented to, and did not delay, hinder, or otherwise interfere or affect, appellee's commencement of a foreclosure action against the property, which appellee commenced on May 03, 2010. Grant's first Chapter 13 petition filed on May 15, 2009, was fully prosecuted by filing all necessary schedules, statements, and plan, and was eventually dismissed on September 07, 2011 for failure to complete payments on her confirmed plan. On all four of her filings Grant was represented by the same attorney.

On February 01, 2012 Grant filed her second Chapter 13 petition. Again, Grant fully prosecuted her bankruptcy filing by filing all required schedules and a plan. Since Grant's petition was filed within the 1-year period of the dismissal of her prior petition, there was no stay affecting the subject property or if there had been a stay, the stay would have terminated after thirty (30) days 11 U.S.C. 362(c)(3)(A). Grant listed the subject property on her Real Property schedule. However, Grant never invoked, imposed or sought to impose or extend any stay but instead, in her plan, surrendered her interest in the subject property to appellee. Grant's second petition was eventually dismissed on July 17, 2013 for failure to complete payments on her confirmed plan.

Grant's third fully prosecuted Chapter 13 petition was filed on September 27, 2013. As with her second petition, her third petition was filed within 1 year of

the dismissal of her second petition and also would have provided no protection of the automatic stay. As in her two earlier petitions, Grant did not invoke, nor seek to impose, or extend any stay affecting the subject property, and, again, in her plan, surrendered her interest in the subject property to appellee. Grant's third petition was eventually dismissed on October 08, 2015 for failure to complete payments on her confirmed plan.

Grant filed her fourth and final Chapter 13 petition on March 03, 2016. Again, represented by the same attorney, and again, within a 1-year period of the dismissal of her earlier petition. Grant's fourth filing provided no protection under 11 U.S.C. 362(a). Grant did not seek to invoke, impose, nor extend any stay affecting the subject property but instead elected, in her plan, to surrender her interest in the subject property to appellee. Grant's fourth and final filing was eventually dismissed on December 29, 2017, for failure to complete payments on her confirmed plan.

Appellee's failure to invoke 11 U.S.C. 362(d)(4) prohibitions, at any time, even in Grant's fourth and final filing, indicates that appellee did not consider that Grant's filings were an attempt to delay, hinder or defraud appellee. As the filings show, Grant attempted, at all times, to facilitate appellee's foreclosure action, never to hinder or delay it; and the Court committed clear error in its ruling.

Since in all of Grant's four filings, Grant filed all required schedules and statements and a plan and made payments under an approved plan, Grant's four filings could not be multiple filings under the code since they were filed in good faith.

Appellee's contention that the filing of four cases in a seven year period by Grant who was a *bona fide* filer who prosecuted all four cases by filing all required schedules, statements, and who attended all required meetings and who filed and confirmed a plan and who made payments pursuant to her plan was a serial filer is unsupported by legal authority.

Grant's last filing was dismissed on December 29, 2017. Appellant filed the instant case on August 08, 2019, twenty months after the dismissal of Grant's final filing. Appellee is attempting to stretch the law to cover the facts. There is no authority – statutory, or otherwise – that supports appellee's notion that the filing of appellant's Chapter 13 petition almost two years after the dismissal of a prior petition filed by a different debtor can be construed as multiple filings under 11 U.S.C. 362(d).

It should also be noted that appellant, in his case, has filed every schedule, statement, or document required to be filed by the Court or Trustee, has attended every scheduled meeting or hearing, has filed a plan, has made, in a timely manner, all plan payments.

11 U.S.C. 362(d)(4) does not define a scheme to delay, hinder and defraud. Courts have found such a scheme where parties are joined in a common purpose. In our circumstances, Grant's filings and actions were contrary – no, hostile and inimical – to the interest of appellant and to the estate of the appellant. Grant not only did not delay or hinder appellee because Grant never sought the imposition or extension of a stay, but Grant sought, on three occasions, to surrender the subject property, appellant's principal residence, to appellee.

It is appellee's burden to show that the essential elements required by 11 U.S.C. (d)(4) exist. It is appellee's burden to show evidence of a scheme to delay and hinder and to show fraud *Muhaimin,* supra. For the court to rule that there was a scheme tying appellant with Grant was clear error.

As way of further background, appellee commenced a foreclosure action against the subject property in New York Supreme Court on May 03, 2010. Appellee's foreclosure action was hindered and delayed because appellee could not prove an essential cause of the foreclosure action that there had been a default in mortgage payments. On two separate occasions in 2014 and 2017, the Supreme Court issued a conditional order dismissing appellee's foreclosure action for lack of prosecution. It was appellee's inability to prosecute its own case that delayed and hindered appellee, not any action by anyone else.

Appellee was stuck in State Supreme Court until the attorneys for appellee had discussions with Grant, without the knowledge and consent of her attorney. Immediately after these discussions, Grant fired the attorney who was representing her in the foreclosure case; and appellee brought a Renewed Motion for Summary Judgment, which unopposed, was granted on default. Appellee's Renewed Motion for Summary Judgment violated NYCPLR 2221 since appellee's earlier motion for Summary Judgment had been denied by the Court and the Renewed Motion stated no new facts as required by NYCPLR 2221.

Appellee's response to appellant's motion to vacate the foreclosure judgment and dismiss the foreclosure action was to hinder and prevent the Supreme Court from determining appellant's motion by serving a Notice of Sale.

Appellant filed the instant Chapter 13 petition in order to preserve and protect the property of the estate pending the determination of the validity and enforceability of appellee's default judgment obtained in violation of several New York statutes, including, inter alia,

- NYRPAPL 1311(1) requiring the owner of record to be named in any foreclosure action.

- NYCPLR 5015(a)(4) requiring personal jurisdiction.

- NYCPLR 1001 requiring necessary parties to be joined.

- NYCPLR 3215(c) requiring the entry of a default judgment within one year of default.

- NYCPLR 3211 requiring personal and subject matter jurisdiction.

The said default judgment was, also, obtained in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution which forbids the taking of appellant's primary residence without due process of law.

Appellee brought an action to foreclose and sell the appellant's property without naming appellant, the owner of record of the subject property, as a party defendant. This failure to name appellant as a defendant in an action to foreclose and sell appellant's property constitutes, in essence, due process fraud, and it is appellee's continuing due process fraud that hinders and delays appellee since appellee has taken every step to prevent and delay the state Supreme Court from hearing and determining the substantive issues involved in appellant's motion filed on June 21, 2019, to vacate the judgment of foreclosure and to dismiss appellee's foreclosure action.

## E. THE BANKRUPTCY COURT ABUSED ITS DISCRETION BY GRANTING RELIEF FROM STAY TO A NON-PARTY IN INTEREST

A Claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest objects. 11 U.S.C. 502(a) The Court

shall determine the amount of claim except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. 11 U.S.C. 502(b)(1) "The 'basic federal rule' in bankruptcy is that state law governs the substance of claims, Congress having generally left the determination of property rights in the assets of a bankrupt's estate to state law. *Batner v. United States*, 440 U.S. 48, 54, 57 (1979) The validity of a creditor's claim against the debtor at the time the bankruptcy petition is filed is to be determined by reference to state law.

502(b)(1) compels this result. It directs a bankruptcy court to disallow a claim if it can be defeated by a legitimate non-bankruptcy defense. *Tarantola v. Deutsche Bank Nat'l. Tr. Co. (In re Tarantola)* 491 B.R. 111, 121 (Bankr. D. Ariz. 2013).

Under NY law, a judgment lien is unenforceable against a nonparty. By objection to claim and by Notice of Motion, appellant objected to appellee's claim as invalid and unenforceable against appellant and appellant's estate for the reason, inter alia, that appellant was not a party, and the court had no personal jurisdiction over appellant in the action that resulted in the disputed judgment lien and under the laws of the State of New York appellee's judgment lien is null, void and ineffective against appellant. "A court has no power to grant relief against an entity not named as a party and not property summoned before the court" *Riverside*

*Capital Advisors v. First Secured*, 28 AD. 3d 457, (N.Y. App. Div. 2006). The Bankruptcy Court never heard nor determined appellant's objection to appellee's claim as required by 11 U.S.C. 502(b)(1). This was an abuse of the court's discretion. Appellant brought a motion to modify the automatic stay so as to allow for a determination of the validity of appellee's judgment lien and, thereby, the enforceability of appellee's bankruptcy claim. The Court, again, failed to hear or determine appellant's motion.

Standing to bring a motion for relief from the automatic stay is a threshold issue *Warth v. Seldin* 422 U.S. 490, 498 (1975).

A request for relief from the automatic stay can only be brought by a party in interest. The term "party in interest" is nowhere defined in the Bankruptcy Code. *In re Mims* 438 B.R. 52, 58 (Bankr. S.D.N.Y. 2010). In *Mims*, the court concluded that the movant Wells Fargo was not a party in interest and therefore lacked standing to request relief from the automatic stay. Because Wells Fargo had not offered evidence that it owned the original note, Wells Fargo lacked standing to foreclose on the mortgage and had therefore failed to demonstrate it was the holder of a "claim" *Id* at 56.

Under New York law, a plaintiff has standing to commence a mortgage foreclosure action "where it is both the holder and assignee of the subject mortgage

and the holder or assignee of the underlying note at the time the action is commenced." *Bank of N.Y. v. Silverberg*, 926 N.Y.S. 2d 532, 536 (2nd Dept. 2011).

Appellee has never demonstrated standing, in any court of any jurisdiction. All appellee has produced, so far, is a self-serving "Affidavit of Lost Assignment." Appellee has failed to provide satisfactory proof of its status as the owner or holder of the note at issue. *See In re Idicula*, 484 B.R. 284 (Bankr. S.D.N.Y. 2013), and proof that appellee is not a stranger to the case. *Veal v. American Home Mortgage Servicing, Inc., (In re Veal)* 450 B.R. 897, 920 (B.A.P. 9th Cir. 2011).

## CONCLUSION

The Bankruptcy Court decision granting appellee relief from the stay provided by 11 U.S.C. 362(a) was an abuse of the Court's discretion and should be reversed and the case remanded.

Dated: February 21, 2020

Respectfully Submitted

Rodney Randolph Washington
Appellant ProSe
17 Virginia Place
Brooklyn, NY 11213
917-868-5394

- 27 -

## CERTIFICATE OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATION, TYPEFACE
## REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 6,300 words, excluding the exempted parts of the brief.

2. This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 pt. font.

Dated:        February 21, 2020

_____
Rodney Randolph Washington
Appellant ProSe

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x

WASHINGTON Appellant                       Case No. 1:19-cv-06297 WFK

— v —

WELLS FARGO BANK N.A.

---------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned certifies that on _February 21, 2020_, a copy of
(Date of Service/Mailing)

_APPELLAN's BRIEF_,
(Title of Document(s) served)

was served by depositing same, enclosed in a properly addressed postage-paid envelope, in an
official depository under the exclusive care and custody of the United States Postal Service
within the State of New York, upon *[below specify the name and mailing address of each party
served]*:

JASON FREDERICK CLOUSER
BURCHER GRAY LLP
1350 BROADWAY STE 406
NEW YORK NY 10018

KAREN MARIE SHEEHAN
FRENKEL LAMBERT WEISS WEISMAN & GORDON
53 GIBSON ST
BAY SHORE NY 11706

Dated: 2/21/2020

Signature _____

Print name: RODNEY WASHINGTON

Address: 17 VIRGINIA PL
BROOKLYN NY 11213

Phone: 917 868 5394

Email: _____