UNITED STATES DISTRICT COURT

For the

EASTERN DISTRICT OF NEW YORK

Case No. 1:19-CV-06297 - WFK

RODNEY RANDOLPH WASHINGTON

*Appellant*

---v.---

WELLS FARGO BANK N.A.,

HSBC BANK USA

*Appellee*

Appeal From an Order of the

United States Bankruptcy Court

For The Eastern District Of New York

Bankruptcy Court Case No: 1-19-4482

## BRIEF OF APPELLEE

Jason Clouser, Esq.
BurgherGray LLP
1350 Broadway, Suite 406
New York, NY 10018
Tel. (646) 513-3231
Fax (646) 561-9866
jclouser@burghergray.com
*Attorneys for Appellee Wells Fargo Bank N.A.*

## CORPORATE DISCLOSURE STATEMENT

Defendant Wells Fargo Bank, N.A., by and through its undersigned counsel, hereby makes the following corporate disclosure statement:  Wells Fargo Bank, N.A., is a national banking association and its parent corporation is Wells Fargo & Company.  Wells Fargo & Company is a publicly held corporation, and no publicly held corporation owns 10% or more of Wells Fargo & Company's stock.

DATED: March 26, 2020

  /s/   Jason Clouser
Jason Clouser, Esq.
BurgherGray LLP
1350 Broadway, Suite 406
New York, NY 10018
Tel. (646) 513-3231
Fax (646) 561-9866
jclouser@burghergray.com

*Attorneys for Appellee Wells Fargo Bank N.A*

i

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................. 1

JURISDICTIONAL STATEMENT ......................................................... 1

STATEMENT OF THE CASE .............................................................. 2

STATEMENT OF THE FACTS ............................................................ 3

    FORECLOSURE AND BANKRUPTCY HISTORY ........................................ 4

    The First Bankruptcy Petition ...................................................... 4

    The Second Bankruptcy Petition.................................................. 5

    The Third Bankruptcy Petition .................................................... 5

    The Fourth Bankruptcy Petition.................................................. 6

    Bankruptcy Court History in the Instant Action................................ 6

SUMMARY OF ARGUMENT ............................................................. 8

ARGUMENT..................................................................................10

    I.   THE BANKRUPTCY COURT'S DECISION IS SUFFICIENT FOR MEANINGFUL REVIEW. ..................................................................10

    II.   THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION BY GRANTING RELIEF FROM THE AUTOMATIC STAY ...............................11

       a.   Relief from the automatic stay is warranted under 11 U.S.C. § 362(d)...12

    III.   THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN GRANTING IN REM RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)(B) .....14

    IV.   APPELLEE HAS STANDING AS A PARTY IN INTEREST .................18

    V.   APPELLANT IS NOT ENTITLED TO EXEMPTION PURSUANT TO 11 U.S.C. § 522(f)(1)(A). ...................................................................20

CONCLUSION ..............................................................................21

## TABLE OF AUTHORITIES

**Cases**

*Domegan v. Fair*, 859 F.2d 1059, 1066 (1st Cir. 1988) .......................................... 10

*Fed. Nat. Mortg. Ass'n v. Dacon Bolingbrook Assocs. Ltd. P'ship*, 153 B.R. 204, 208 (N.D. Ill. 1993) ................................................................................. 12

*Flyer v. Sullivan,* 284 A.D. 687, 134 N.Y.S.2d 521 (1st Dept. 1954) .................... 19

*Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir.1984) ....... 11

*Grossman v. Berman,* 241 F.3D. 65, 68 (1st Cir. 2001 .......................................... 10

*In re Armenakis*, 406 B.R. 589, 604 (Bankr. S.D.N.Y. 2009) ............................... 20

In re Banner, 394 B.R. 292, 300 (Bankr.D.Conn.2008) ........................................ 20

*In re Busch*, 294 B.R. 137, 140–41 (B.A.P. 10th Cir. 2003) ................................. 12

*In re Escobar*, 457 B.R. 229, 236–37 (Bankr. E.D.N.Y. 2011) ............................. 18

*In re Escobar*, 457 B.R. 229, 242 (Bankr. E.D.N.Y. 2011) ............................. 13, 19

*In re GEL, LLC*, 495 B.R. 240, 248–49 (Bankr. E.D.N.Y. 2012) .......................... 15

*In re Gruntz*, 202 F.3d 1074 (9th Cir.2000) .......................................................... 11

*In re Montalvo*, 416 B.R. 381, 386 (Bankr.E.D.N.Y.2009) ................................... 15

*In re Procel*, 467 B.R. 297, 308 (S.D.N.Y.2012) ............................................ 15, 16

In re Wilding, 475 F.3d 428, 431 (1st Cir.2007) .................................................... 20

*In re Windmill Farms*, Inc., 841 F.2d 1467, 1472 (9th Cir.1988) ......................... 11

*In re: Feinberg*, 442 B.R. 215 (S.D.N.Y. 2010) .................................................... 19

*Kronemyer v. Am. Contractors Indem. Co.* (*In re Kronemyer*), 405 B.R. 915, 919 (9th Cir. BAP 2009) ............................................................................... 14

*Lira v. Wells Fargo Bank N.A.*,(*In re Lira*), No. BR 6:12-35965, 2015 WL 4641600, (B.A.P. 9th Cir. Aug. 4, 2015) ....................................................... 16

*Mortgage Electronic Registration Sys. Inc., v. Coakley,* 41 A.D. 3d 674, 838 N.Y.S.2d 622 (2nd Dept. 2007) .......................................................................... 19

*See also Bank of N.Y. v. Silverberg*, 926 N.Y.S. 2d 532, 536 (2nd Dept. 2011) ..... 19

*See also In re Caires*, 611 B.R. 1, 7 (Bankr. D. Conn. 2020) ............................... 13

*See also In re Cybernetic Servs., Inc.*, 252 F.3d 1039 (9th Cir.2001) ................... 11

*See also In re Delaney-Morin*, 304 B.R. 365, 368 (B.A.P. 9th Cir. 2003) ............. 11

**Statutes**

11 U.S.C §362(a)........................................................................ Throughout

11 U.S.C. §362(d)(2).................................................................. Throughout

11 U.S.C. §522(f) ....................................................................... Throughout

11 U.S.C. §362(d)(1).................................................................. Throughout

11 U.S.C. §362(g) .................................................................... 11

11 U.S.C. 362(d)(4).................................................................... Throughout

Fed.R.Civ.P. 17 .................................................... 16

Fed. R. Bankr.P 7017 ............................................ 16

Fed. R. Bankr.P 9014 ............................................ 16

## PRELIMINARY STATEMENT

This action is on appeal from an order of the Bankruptcy Court terminating the automatic stay with respect to the real property known as 17 Virginia Place, Brooklyn, New York 11213 (the "Property"). For the reasons stated herein, this Court should affirm the Bankruptcy Court's Order.

## JURISDICTIONAL STATEMENT

This is an appeal from an Order of the Bankruptcy Court terminating the stay imposed by 11 U.S.C §362(a), pursuant to 11 U.S.C. §§ 362(d)(1), 362(d)(2), and granting *in rem* relief pursuant to 11 U.S.C. §362(d)(4). This Court has appellate jurisdiction pursuant to 28 U.S.C §158(a).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.      Whether the Bankruptcy Court abused its discretion by terminating the stay imposed by 11 U.S.C. §362(a), pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §362(d)(2), where Appellee is not adequately protected by the continuation of the automatic stay, Appellant has little to no equity in the Property, and the stay is not necessary for an effective reorganization.

2.      Whether the Bankruptcy Court abused its discretion by terminating the stay pursuant to 11 U.S.C. §362(d)(4), where the factual history outlines a scheme to delay, hinder, and defraud.

3.      Whether Appellee has standing to seek relief from the automatic stay, where Appellee is the holder of the note and mortgage.

4.      Whether Appellant has satisfied his burden of proof to avoid the fixing of a lien against the Property pursuant to 11 U.S.C. §522(f).

## **STATEMENT OF THE CASE**

This is an appeal from an order of the Bankruptcy Court terminating the stay imposed by 11 U.S.C §362(a), and granting *in rem* relief pursuant to 11 U.S.C. §362(d)(4).

On October 3, 2019, Appellee moved for relief from the automatic stay pursuant to 11 U.S.C §362(d)(1), and 11 U.S.C. §362(d)(2), and for *in rem* relief pursuant to 11 U.S.C §362(d)(4).  On November 21, 2019, the Bankruptcy Court: (1) terminated the stay pursuant to 11. U.S.C. §§362(d)(1) and (d)(2) as to Appellee, its agents, successors, and/or assigns in interest, so that Appellee, its agents, successors and/or assigns in interest, may take any and all action under applicable state law to exercise its remedies against the Property; (2) terminated the stay pursuant to 11 U.S.C. §362(d)(4), so that Appellee, its agents, successors

2

and/or assigns may pursue its rights under applicable state law to exercise its remedies against the Property; (3) found that pursuant to 11 U.S.C §362(d)(4), the filing of the petition was part of a scheme to delay, hinder, and defraud Appellee as to the Property, and (4) Ordered that, in accordance with 11 U.S.C. §362(d)(4), if recorded in compliance with applicable state laws governing notice of interests of liens in real property, any other case filed under the Bankruptcy Code purporting to affect the Property filed not later than 2 years after the date of the entry of this Order by the Court, by anyone, including but not limited to Rodney Randolph Washington and Willa Grant, shall not operate as an automatic stay affecting the Property.

## STATEMENT OF THE FACTS

Wells Fargo is the holder of a note and mortgage given by the borrower and mortgagor, Willa Grant ("Grant"), on October 20, 2005, to secure payment in the original principal sum of $440,000.00, pledging the Property as security.  Bk. Doc. No. 28, Exh. A (Copy of note and mortgage). The note and mortgage were transferred to Wells Fargo Bank, N.A. ("Wells Fargo" or "Appellee") by a properly endorsed Note. *Id.*; *See also* Bk. Doc. No. 28, Exh. B (Copy of the Assignments).  The note and mortgage were modified pursuant to a loan modification agreement on August 27, 2008.  Bk. Doc. No. 28, Exh. C (Copy of loan modification agreement).

3

Grant executed a promissory note secured by a mortgage or deed of trust. Bk. Doc. No. 28, Exh. A (Copy of note and mortgage). The promissory note is either made payable to Appellee or has been duly indorsed. *Id.*; *See also* Bk. Doc. No. 28, Exh. B (Copy of the Assignments). Appellee, either directly, or through an agent, has possession of the promissory note. *Id.* Appellee is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. *Id.*

On September 4, 2009, a deed was filed with the Office of the City Register of the City of New York showing that title to the property was transferred from Grant to Rodney Randolph Washington ("Appellant" or "Washington"). Bk. Doc. No. 28, Exh. E (Copy of the filed deed).

## FORECLOSURE AND BANKRUPTCY HISTORY

### The First Bankruptcy Petition

Grant defaulted under the terms of the note and mortgage by failing to tender the payments. Accordingly, on or about May 3, 2010, Wells Fargo commenced a foreclosure action against Grant. Bk. Doc. No. 28, Exh. F (Copy of 2010 Complaint). On May 15, 2009, Grant filed a Chapter 13 bankruptcy petition in the Eastern District of North Carolina Bankruptcy Court, Case No. 09-04024-8-SWH. Bk. Doc. No. 28, Exh. G (Copy of PACER printout of the First Bankruptcy docket, consent order, and dismissal order). The Chapter 13 plan was confirmed on

4

November 10, 2009, which resulted in a consent order entered on March 7, 2011, for ongoing payments. *Id.* The First Bankruptcy was dismissed on September 7, 2011, for failure to make plan payments. *Id.*

### The Second Bankruptcy Petition

On February 1, 2012, Grant filed a second Chapter 13 bankruptcy petition in the Eastern District of North Carolina Bankruptcy Court, Case No. 12-00827-8-DMW.   Bk. Doc. No. 28, Exh. H (Copy of PACER printout of the Second Bankruptcy docket, consent order, and dismissal order).  The Chapter 13 plan was confirmed on May 23, 2012.  *Id.*  The trustee filed a motion to dismiss for failure to make plan payments on December 31, 2012, which resulted in a consent order entered on March 7, 2013, for ongoing plan payments. *Id.*   The Second Bankruptcy, however, was dismissed on July 17, 2013, for failure to make plan payments.  *Id.*

### The Third Bankruptcy Petition

On September 27, 2013, Grant filed a third Chapter 13 bankruptcy petition in the Eastern District of North Carolina Bankruptcy Court, Case No. 13-06069-8-JNC.  Bk. Doc. No. 28, Exh. I (Copy of PACER printout of the Third Bankruptcy docket, consent order, and dismissal order).  The Chapter 13 plan was confirmed on December 23, 2014.  *Id.*   The trustee filed a motion to dismiss the case for

failure to make plan payments on May 27, 2015, which resulted in a consent order entered on July 23, 2015, for ongoing plan payments. *Id.* The Third Bankruptcy was dismissed on October 8, 2015, because Grant, once again failed to make plan payments. *Id.*

### The Fourth Bankruptcy Petition

On March 3, 2016, Grant filed a fourth Chapter 13 bankruptcy petition in the Eastern District of North Carolina Bankruptcy Court, Case No. 16-01140-5-JNC. Bk. Doc. No. 28, Exh. J (Copy of PACER printout of the Fourth Bankruptcy docket, consent order, and dismissal order). *Id.* The Chapter 13 plan was confirmed on April 3, 2017, which resulted in a consent order entered on September 8, 2017, for ongoing plan payments. *Id.* The Fourth Bankruptcy was also dismissed on December 29, 2017, for failure to make plan payments. *Id.*

### Bankruptcy Court History in the Instant Action

The Judgment of Foreclosure and Sale in connection with the Property was entered on May 31, 2019. Bk. Doc. No. 28, Exh. K (Copy of Notice of Sale, Order to Show Cause, and PACER printout of the docket). Appellant scheduled a foreclosure sale for August 8, 2019. *Id.* On August 1, 2019, only one week before the scheduled foreclosure sale, Appellant presented to the Kings County Supreme Court an Order to Show Cause to stay the foreclosure action. *Id.* The Order to

6

Show Cause was unsuccessful. *Id.* The Appellant then presented the Order to Show Cause to the Second Appellate Division of the Supreme Court of New York on August 2, 2019. *Id.* This too, was unsuccessful. *Id.* Appellant filed a Chapter 13 bankruptcy petition in the Eastern District of New York Bankruptcy Court on August, 8, 2019, the very same day that the Property was scheduled for a foreclosure sale. Bk. Doc. No. 1. (Copy of voluntary petition).

On October 3, 2019, Appellee moved for relief from the automatic stay pursuant to 11 U.S.C §362(d)(1), and 11 U.S.C. §362(d)(2), and for *in rem* relief pursuant to 11 U.S.C §362(d)(4). Bk. Doc. No. 28. (Copy of Appellee's Motion for Relief from Stay). On October 15, 2019, Appellant brought his own motion to modify the automatic stay, in order to allow the Supreme Court of the State of New York to determine the validity and enforceability of a judgment lien on Appellant's principal residence. Bk. Doc. No. 30 (Copy of Appellant's Motion to Modify Stay).

On November 21, 2019, the Bankruptcy Court: (1) terminated the automatic stay pursuant to 11 U.S.C. §§362(d)(1) and (d)(2) as to Appellee, its agents, successors, and/or assigns in interest, so that Appellee, its agents, successors and/or assigns in interest, may take any and all action under applicable state law to exercise its remedies against the Property; (2) terminated the stay pursuant to 11 U.S.C. §362(d)(4), so that Appellee, its agents, successors and/or assigns may

7

pursue its rights under applicable state law to exercise its remedies against the Property; (3) found that pursuant to 11 U.S.C §362(d)(4), the filing of the petition was part of a scheme to delay, hinder, and defraud Appellee as to the Property, and; (4) Ordered that, in accordance with 11 U.S.C. §362(d)(4), if recorded in compliance with applicable state laws governing notice of interests of liens in real property, any other case filed under the Bankruptcy Code purporting to affect the Property filed not later than 2 years after the date of the entry of this Order by the Court, by anyone including, but not limited to, Washington and Grant, shall not operate as an automatic stay affecting the Property.  Bk. Doc. No. 37 (Copy of Bankruptcy Court Order).

## SUMMARY OF ARGUMENT

The Bankruptcy Court did not abuse its discretion, where cause existed to lift the automatic stay pursuant to 11 U.S.C. §362(d).  Section 362(d)(1) explicitly states that, "the lack of adequate protection of an interest in property," constitutes cause.  A lack of adequate protection can be demonstrated by introducing evidence of a debtor's continued failure to tender periodic payments on a secured debt.  The facts here show that payments on the loan have been delinquent for over ten years.

Further, relief from the stay is warranted pursuant to 11 U.S.C. §362(d)(2), where debtor has little to no equity in the property, and the stay is not necessary to

8

an effective reorganization.  The facts here clearly demonstrate that Appellant has little to no equity in the property.  The Appellant values the Property at approximately nine hundred fifty thousand dollars ($950,000), but Appellee is owed the sum of at least eight hundred seventy thousand nine hundred thirty-seven dollars and sixty-one cents ($870,937.61) as of August 22, 2019.

In addition, the Bankruptcy Court was justified in its termination of the automatic stay pursuant to 11 U.S.C §362(d)(4), because the factual history related to this action clearly evidences that the filing of the bankruptcy petition by the Appellant was part of a scheme to delay, hinder, and defraud Appellee as to the Property.  As discussed above, there have been four bankruptcy cases filed by the borrower, Grant, which were all dismissed for failure to make plan payments. Appellant strategically filed this bankruptcy case prior to the scheduled foreclosure sale, only after failing to stay the foreclosure action by Order to Show Cause.

Accordingly, this Court should affirm the Order of the Bankruptcy Court terminating the stay imposed by 11 U.S.C §362(a), and granting *in rem* relief pursuant to 11 U.S.C. §362(d)(4).

## **ARGUMENT**

## I.  **THE BANKRUPTCY COURT'S DECISION IS SUFFICIENT FOR MEANINGFUL REVIEW**

Appellant erroneously contends that the Bankruptcy Court's Order lacks enough detail to permit a meaningful review.  The case that Appellant relies upon for this argument, *Grossman v. Berman,* 241 F.3D. 65, 68 (1st Cir. 2001) is easily distinguishable from the case at bar.  First, *Grossman* was an appeal where the Bankruptcy Court granted a motion for summary judgment.  In addition, Appellant conveniently omits the *Grossman* court's admission that statements explaining the legal basis of a court's decision are not essential, and trial courts have no absolute obligation to make specific findings of fact or to elaborate upon its view of controlling legal principles.  *Grossman*, 241 F.3d at 68.  This is particularly true where the basis for a court's ruling is self-evident on the face of the record.  *Domegan v. Fair*, 859 F.2d 1059, 1066 (1st Cir. 1988).  Here, the facts formulating the basis for the reasoning of the Bankruptcy Court order are easily ascertainable from the record, and thus, the Bankruptcy Court was not required to elaborate or make specific findings in connection with its Order.

## II.   THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION BY GRANTING RELIEF FROM THE AUTOMATIC STAY

The Bankruptcy Court's decision granting or denying relief from the automatic stay is a final decision reviewed for an abuse of discretion. *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000); *see also In re Cybernetic Servs., Inc.*, 252 F.3d 1039 (9th Cir. 2001). Decisions committed to the Bankruptcy Court's discretion will be reversed only if "based on an erroneous conclusion of law or when the record contains no evidence on which the trial court rationally could have based that decision." *In re Windmill Farms*, Inc., 841 F.2d 1467, 1472 (9th Cir. 1988) (citation omitted); *see also In re Delaney-Morin*, 304 B.R. 365, 368 (B.A.P. 9th Cir. 2003).

The principal issue here is whether the Bankruptcy Court abused its discretion when it lifted the automatic stay imposed by §362(a). The automatic stay serves to shield both a debtor and his creditors by permitting the debtor to marshal his affairs and by ensuring that the bankruptcy procedure may provide an orderly resolution of all claims. *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984). Under §362(d)(1) stay relief may be granted for cause. The moving party has the burden to show that "cause" exists to lift the stay, after which the burden shifts to a debtor to demonstrate why the stay should remain in place.

11

11 U.S.C. §§362(d)(1), 362(g); *In re Busch*, 294 B.R. 137, 140–41 (B.A.P. 10th Cir. 2003).

**a.  Relief from the automatic stay is warranted under 11 U.S.C. §362(d)**

Appellee's argument that Appellant has not established cause does not hold water.  Section 362(d) of the Bankruptcy Code provides, in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.   11 U.S.C. §362

Section 362(d)(1) explicitly states that, "the lack of adequate protection of an interest in property of such party in interest" constitutes cause.  It is well settled that a movant can establish a lack of adequate protection by introducing evidence of debtor's continued failure to tender periodic payments on a secured debt.  *In re Ocasio,* 97 B.R. 825, 826 (Bankr.E.D.Pa. 1989); *see also Fed. Nat. Mortg. Ass'n v. Dacon Bolingbrook Assocs. Ltd. P'ship*, 153 B.R. 204, 208 (N.D. Ill. 1993).  As required by E.D.N.Y. Administrative Order #533 and pursuant to Local

Bankruptcy Rule 4001-1, Appellee presented to the Bankruptcy Court a Real Estate and Cooperative Apartment Worksheet, establishing that Appellee is owed the sum of eight hundred seventy thousand nine hundred thirty-seven dollars and sixty-one cents ($870,937.61) as of August 22, 2019.  Bk. Doc. No. 28, Exh. L (Copy of Real Estate and Cooperative Apartment Worksheet). The loan is contractually due for January 1, 2009.  *Id.*  The loan, however, is over ten years delinquent, clearly demonstrating a failure to make periodic payments.  *Id.*  Thus, relief from the stay is warranted pursuant to 11 U.S.C. §362(d)(1).

Further, relief from the stay is warranted pursuant to 11 U.S.C. §362(d)(2), where debtor has little to no equity in the property, and the stay is not necessary to an effective reorganization.  *In re Escobar*, 457 B.R. 229, 242 (Bankr. E.D.N.Y. 2011);  *see also In re Caires*, 611 B.R. 1, 7 (Bankr. D. Conn. 2020).  Here, it is clear that Appellant has little to no equity in the Property.  Appellant values the Property at approximately nine hundred fifty thousand dollars ($950,000), but, as noted above, Appellee is owed the sum of at least eight hundred seventy thousand nine hundred thirty-seven dollars and sixty-one cents ($870,937.61) as of August 22, 2019. Bk. Doc. No. 1 (Copy of voluntary petition); *See also* Bk. Doc. No. 28, Exh. L (Copy of Real Estate and Cooperative Apartment Worksheet); *See also* Bk. Doc. No. 28, Exh. M (Copy of schedule A/B of bankruptcy petition).

## III.   THE BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN GRANTING *IN REM* RELIEF PURSUANT TO 11 U.S.C. §362(d)(4)(B)

An order of a bankruptcy court granting relief from the automatic stay and/or *in rem* relief under §362(d)(4) is reviewed on appeal for abuse of discretion. *See Kronemyer v. Am. Contractors Indem. Co.* (*In re Kronemyer*), 405 B.R. 915, 919 (9th Cir. BAP 2009) ("The decision of a bankruptcy court to grant relief from the automatic stay under §362(d) is reviewed for abuse of discretion."). The Bankruptcy Court did not abuse its discretion because relief from the stay is warranted pursuant to 11 U.S.C. §362(d)(4)(B), as the record here clearly shows Appellant's intent to hinder, delay, and defraud Appellee.  Section 362(d)(4), as enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, provides in relevant part:

> With respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>
> (B) multiple bankruptcy filings affecting such real property.   11 U.S.C. §362(d)(4).

14

This provision gives the Court authority to grant *in rem* relief from the automatic stay, such that any and all future filings by any person or entity with an interest in the property will not operate as an automatic stay for a period of two years after the date of the entry of such an order, provided that the order is recorded in compliance with applicable state laws governing notices of interest or liens in real property.  *In re Montalvo*, 416 B.R. 381, 386 (Bankr. E.D.N.Y. 2009); *see also In re GEL, LLC*, 495 B.R. 240, 248–49 (Bankr. E.D.N.Y. 2012).

Here, Appellee bears the burden of establishing that the petition filed by Appellant is part of a scheme to hinder, delay or defraud, which it has done.  A bankruptcy court can "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone" without holding an evidentiary hearing.  *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (quoting *In re Blair*, No. 09–76150, 2009 WL 5203738, at 4–5 (Bankr. E.D.N.Y. Dec. 21, 2009)).

In determining the existence of "a scheme to delay, hinder, or defraud," the extent of the efforts by a debtor to prosecute his bankruptcy case and the timing of those filings are important factors.  *Montalvo*, 416 B.R. at 386–87.  In *Montalvo*, there were six serial Chapter 13 petitions timed to stop a foreclosure sale and the debtor "neither filed nor confirmed a chapter 13 plan ... [or] made post-petition payments to [the secured creditor].  *Id.* at 387.

In *Lira v. Wells Fargo Bank N.A.*,(*In re Lira*), No. BR 6:12-35965, 2015 WL 4641600, (B.A.P. 9th Cir. Aug. 4, 2015), the Court also held that *in rem* relief was appropriate where the debtor strategically filed four separate bankruptcy petitions that stalled a foreclosure action. Also, in *In Re Procel*, 467 B.R. 927, the Court held that serial filings alone can demonstrate a scheme to delay, hinder, and defraud.

The facts in the instant action are as egregious as those in the cases outlined above. Appellant's attempt to disassociate himself with the borrower here is frivolous, and should not disrupt the Bankruptcy Court's finding. Appellee is the holder of the note and mortgage given by the borrower and mortgagor, Grant, on October 20, 2005. Bk. Doc. No. 28, Exh. A. (Copy of note and mortgage). Grant pledged the Property as security. *Id.* On May 15, 2009, Grant filed the First Bankruptcy Petition. Bk. Doc. No. 28, Exh. G. (Copy of PACER printout of the First Bankruptcy docket, consent order, and dismissal order). On September 4, 2009, Grant transferred title to the Property to Washington. The First Bankruptcy Petition was dismissed on September 7, 2011, for failure to make plan payments. Bk. Doc. No. 28, Exh. G (Copy of PACER printout of the First Bankruptcy docket, consent order, and dismissal order).

Despite Appellant's contention that the Bankruptcy Court erred in considering Grant's bankruptcy petitions in its Order to lift the automatic stay, it is

clear that these filings are not only material, but undoubtedly part of a scheme to hinder, delay and defraud. Even after transferring title to Washington in 2009, Grant filed three more conspicuous bankruptcy petitions in 2012, 2013, and 2016, respectively. Bk. Doc. No. 28, Exh. H (Copy of PACER printout of the Second Bankruptcy docket, consent order, and dismissal order); *See also* Bk. Doc. No. 28, Exh. I (Copy of PACER printout of the Third Bankruptcy docket, consent order, and dismissal order); *See also* Bk. Doc. No. 28, Exh. G (Copy of PACER printout of the Fourth Bankruptcy docket, consent order, and dismissal order). In each bankruptcy petition filed after the Property was transferred to Appellant, Grant listed the Property on her Schedule of Real Property owned or in which she had an interest. *Id.*

A Judgment of Foreclosure and Sale of the Property was entered into on May 31, 2019. Bk. Doc. No. 28, Exh. K (Copy of Notice of Sale, Order to Show Cause, and PACER printout of the docket). Appellant scheduled a foreclosure sale for August 8, 2019. *Id.* On August 1, 2019, only one week before the foreclosure sale was scheduled to take place, the Appellant presented to the Kings County Supreme Court an Order to Show Cause to stay the foreclosure action. *Id.* The Order to Show Cause was unsuccessful. *Id.* The Appellant then presented the Order to Show Cause to the Second Appellate Division of the Supreme Court of New York on August 2, 2019. *Id.* This too, was unsuccessful. *Id.* Appellant then

filed a Chapter 13 bankruptcy petition in the Eastern District of New York Bankruptcy Court on August, 8, 2019, the very same day that the Property was scheduled for a Foreclosure sale.  Bk. Doc. No. 1. (Copy of voluntary petition). The timing of this filing was not coincidental, and most certainly aimed at hindering the foreclosure sale of the Property.

The history and timing of filings in this matter clearly demonstrate a scheme to hinder, delay or defraud.  Accordingly, relief from the stay is warranted pursuant to 11 U.S.C. §362(d)(4)(B).

## IV.    APPELLEE HAS STANDING AS A PARTY IN INTEREST

Appellant's claim that Wells Fargo is not a party in interest, and thus, lacks standing, is frivolous at best. Under Section 362(d), Congress requires that a motion to lift the automatic stay be brought by a "party in interest."  However, neither the Bankruptcy Code nor Rules define "party in interest".  Rule 17 of the Federal Rules of Civil Procedure, which does apply to contested matters such as motions for a relief of stay, by virtue of Bankruptcy Rules 7017 and 9014, requires that an "action must be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17; Fed. R. Bankr.P. 7017, 9014; *see also In re Escobar*, 457 B.R. 229, 236–37 (Bankr. E.D.N.Y. 2011).

Indeed, as Appellant states, under New York law, a plaintiff has standing to commence a mortgage foreclosure action "where it is both the holder and assignee

18

of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced." *In re Escobar*, 457 B.R. at 241; *see also Bank of N.Y. v. Silverberg*, 926 N.Y.S. 2d 532, 536 (2d Dept. 2011).  New York law has also long recognized that the rights under a mortgage lien are beneficially transferred to the assignee of a promissory note, without the execution of a written assignment of the mortgage, and even without a written assignment of the mortgage. *In re Escobar*, 457 B.R. at 240.

Despite Appellant's arguments to the contrary, Appellee has undoubtedly established that it is the holder of both the note and mortgage.  Appellee is the holder of both the note and mortgage given by the borrower and mortgagor, Grant, on October 20, 2005, to secure payment in the original principal sum of $440,000.00, pledging the Property as security.  Bk. Doc. No. 28, Exh. A (Copy of note and mortgage).  The note and mortgage were transferred to appellee by a properly endorsed note.  Bk. Doc. No. 28, Exh. B. (copy of Assignments).  A note and mortgage may be transferred by either a written assignment or the physical delivery of the note.  The mortgage passes with the debt as an inseparable incident. *See Flyer v. Sullivan,* 284 A.D. 687, 134 N.Y.S.2d 521 (1st Dept. 1954); *Mortgage Electronic Registration Sys. Inc., v. Coakley,* 41 A.D. 3d 674, 838 N.Y.S.2d 622 (2nd Dept. 2007); *See also In re: Feinberg*, 442 B.R. 215 (S.D.N.Y. 2010).  Thus,

19

as the holder of the note and mortgage, Appellee clearly has standing as a party in interest.

## V.   APPELLANT IS NOT ENTITLED TO EXEMPTION PURSUANT TO 11 U.S.C. § 522(f)(1)(A)

Under 11 U.S.C. § 522(f)(1)(A), "a debtor may avoid the fixing of a lien if three requirements are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would have been entitled; and (3) the lien is a judicial lien." *In re Wilding,* 475 F.3d 428, 431 (1st Cir. 2007) (citing *In re Chiu,* 304 F.3d 905, 908 (9th Cir. 2002)). "The debtor bears the burden of proof by a preponderance of the evidence on every element of §522(f)." *In re Banner,* 394 B.R. 292, 300 (Bankr.D.Conn. 2008) (citing *In re Fox,* 353 B.R. 388, 393 (Bankr.D.Conn. 2006)); *See also In re Armenakis*, 406 B.R. 589, 604 (Bankr. S.D.N.Y. 2009).

Appellant has clearly not satisfied his burden of proof to avoid the fixing of a lien against the Property pursuant to 11 U.S.C. §522(f).  In fact, despite this issue being outside the scope of this Court's review on appeal, Appellant's brief is the first time he raises his supposed entitlement to an exemption.  Even if this Court were to address Appellant's improperly timed claim under §522(f), the conclusory statements set forth in Appellant's brief do not address any of the elements

20

required to establish an exemption under the statute, and Appellant certainly has

not satisfied his burden of proof by a preponderance of the evidence.

## CONCLUSION

For the foregoing reasons, this court should affirm the Bankruptcy Court's

Order terminating the stay imposed by 11 U.S.C §362(a), and granting *in rem*

relief pursuant to 11 U.S.C. §362(d)(4).

<u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) because this brief contains 4632 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Dated:  March 26, 2020

/s/ Jason Clouser
Jason Clouser, Esq.
BurgherGray LLP
1350 Broadway, Suite 406
New York, NY 10018
Tel. (646) 513-3231
Fax (646) 561-9866
jclouser@burghergray.com

*Attorneys for Appellee Wells Fargo Bank N.A.*